ARTHUR L. CONATY, Receiver *vs.* SAMUEL GALKIN.

JUNE 29, 1932.

PRESENT: Stearns, C. J., Rathbun, Murdock, and Hahn, JJ.

MURDOCK, J. This is an action in assumpsit on a promissory note. After both parties had rested, the trial justice granted plaintiff's motion to direct a verdict in his favor and the case is in this court on defendant's exceptions. The only exception relied on is to the decision granting plaintiff's motion for a directed verdict.

The plaintiff brought the present action to recover on a promissory note for $3,000, signed by the defendant, wherein the Rhode Island Mortgage Security Corp. is the payee. As collateral security for the payment of said note the de-

fendant pledged 124 shares of the capital stock of said Rhode Island Mortgage Security Corp. The note is dated March 13, 1930, is in the usual form and recites: "I have deposited with this obligation as collateral security," then follows a list of the certificates deposited. About a month after the date of the note in suit the Rhode Island Mortgage Security Corp. entered into a consolidation agreement with three other companies engaged in a similar business. The agreement was ratified by the stockholders of the respective corporations on April 14, 1930, and they were consolidated under the name of Consolidated Mortgage and Investment Corporation. By virtue of the consolidation agreement, the assets of the constituent corporations passed to said Consolidated Mortgage and Investment Corp. and the receiver of said corporation is the plaintiff in the present action.

The defendant testified that he was induced to invest $6,000 in the stock of the Rhode Island Mortgage Security Corp. on representations that said corporation would take a mortgage on certain property belonging to him and that it would repurchase his stock at any time he desired to sell the same; that when his application for a mortgage was declined he demanded that the corporation purchase his stock and that the $3,000 received by him was in part payment of his stock which he sold to said corporation and that he was told that the note signed by him was a receipt for part payment of the same. He further testified that he read the note and knew it was a note and not a receipt. He did not testify that he was deceived as to the nature of the document that he signed or that there was any promise that he would not be called upon to pay the obligation which he assumed when he signed the note. He admitted that he voted on said stock at a meeting of the corporation when the consolidation agreement was ratified by the Rhode Island Mortgage Security Corp. which meeting was held after the date of its alleged sale; that in May, 1930, he received and retained the cash equivalent of a stock dividend on the

shares of stock in said corporation; that he signed an application for the exchange of shares in the Rhode Island Mortgage Security Corp. for shares in the Consolidated Mortgage and Investment Corp. in which application he represented himself as the owner of the shares of stock which he alleges he had sold; that he received from the Consolidated Mortgage and Investment Corp. 204 shares of its capital stock and that he substituted these shares as collateral for his note after the same had been transferred to the Consolidated Mortgage and Investment Corp.

In the face of this evidence, it is idle for the defendant to attempt to maintain that title in the shares of stock of the Rhode Island Mortgage Security Corp. had passed from him to said company. His self-contradictory testimony and his acts with respect to said stock are so inconsistent with his claim of nonownership of the same as to outweigh his testimony to the contrary and leaves no credible evidence in support of his defense to the present action. It was therefore not error on the part of the trial justice to direct a verdict for the plaintiff.

All defendant's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict as directed.

*Isadore S. Horenstein, Arthur L. Conaty,* for plaintiff.
*Sol S. Bromson,* for defendant.