JOSEPH SIMONE *vs.* W. & H. JEWELRY COMPANY

JUNE 22, 1937.

PRESENT: Flynn, C. J., Capotosto, Baker and Condon, JJ.

CONDON, J. This is an appeal from a decree of the superior court in a proceeding under the workmen's compensation act, general laws 1923, chapter 92.

The petitioner was injured while engaged in his employment for the defendant. He has alleged in his petition that his injury was caused by his left foot slipping forward and by the slipping of the wrench which he was using in setting a drop in a press. He further alleges that in striving to regain his balance, he strained himself, which strain resulted in a hernia or rupture on his left side.

The petition was heard by a justice of the superior court and decision was given for the petitioner. From the decree based on said decision the respondent has appealed, setting forth eleven reasons of appeal. It will not be necessary, however, to discuss each of these reasons separately as they may be grouped in two groups.

The first group consists of reasons 1, 2, 3 and 4 and raises substantially questions of law. The second group, consisting of the remaining seven reasons, are concerned largely with the evidence and the justice of the finding of the superior court thereon.

Under the first group the respondent contends that the decree is vague, uncertain, indefinite and meaningless, that

it fails to contain findings of facts, that it does not finally determine respondent's liability and that it was improperly entered in the absence of the respondent or its representative. We find no merit in any of these reasons.

While the statute requires that the decree of the superior court shall contain findings of fact, it does not follow that this court must necessarily reverse a decree merely on that ground, if another way can be found to give effect to this provision of the statute.

In a proper case this court may direct that the findings of fact made by the trial justice be incorporated in the decree. *Turner Const. Co.* v. *Simone,* 51 R. I. 210. In that case the trial justice not only did not incorporate any findings of fact in the decree, but he filed no written opinion in making his decision, and yet this court declined to reverse the decree but directed that it be amended by adding thereto findings of fact. In the instant case the trial justice has filed a rescript containing findings of fact, and we are of the opinion that a substantial compliance with the statute will result if we direct the superior court to incorporate these findings in its decree.

The respondent admits that it has not been prejudiced in prosecuting its appeal by reason of the absence of findings of fact in the decree of the superior court, and it concedes that the *Turner* case is authority for an amendment of the decree to add findings of fact after hearing on appeal in this court, but it contends that case should be overruled. In support of its contention it urges that the ruling made in that case tends to encourage a practice in the superior court of entering decrees without findings of fact, contrary to the provisions of the workmen's compensation act. We are not aware that such a practice has grown up in that court since the decision in the *Turner* case, and to discountenance any tendency to a practice of that kind, we repeat here what this court said so emphatically in the *Turner* case. "It is important that the statutory provisions which govern proceedings under Chapter 92, General Laws

1923, 'Workmen's Compensation Act,' be closely followed so that the parties may know on what grounds relief was granted or denied and also that it may appear plainly to this court, in case of an appeal, the reason for the action of the court below." We cannot agree with the respondent's contention that we should go further and overrule that case. Certainly the instant case, as it comes to us with a rescript containing findings of fact which support the decree does not present any sound reason in justification of such extreme action on our part. On the contrary this case presents good cause for following the *Turner* case. Here the trial justice has substantially complied with the statute by incorporating findings of fact in his decision and the record may be made to conform strictly with the statute by adding such findings of fact to the decree. An amendment to this effect will be directed.

The respondent objects that the decree which has been entered directs it to pay itself the compensation awarded. This is manifestly an oversight in typing the decree and may be corrected to read as intended by the decision "to pay to said petitioner one half his average weekly wages."

Another objection is that the decree was entered in the absence of the respondent or anyone representing it. Unless this action resulted in some prejudice to the respondent, and none has been shown to us, it is not a good ground of appeal. However, we do not wish to be understood as approving the practice of entering such decrees without the trial justice first ascertaining that the decree sets out the findings of fact contained in his decision, and that the opposite party has assented to said decree as to form or has received notice of the proposed entry thereof.

A further objection that the decree is not finally determinative of the liability of the respondent is also without merit. A statement in the decree that the respondent's liability is finally determined by the payments therein decreed is neither necessary nor proper. On the record before him, the trial justice could not go further than he

did in decreeing compensation and he could not finally decide then petitioner's right to further compensation which, within the period limited by the statute, petitioner might later claim, and which he might, on a proper showing then be entitled to.

Under the second group of reasons of appeal, the respondent complains in substance as we read its brief that the testimony in the case does not support the findings of the trial justice. We have read the transcript and we find no support therein for this contention. It is provided by statute that in the absence of fraud the findings of fact of the trial justice shall be conclusive. G. L. 1923, chap. 92, art. III, sec. 6, as amended.

The main ground of the respondent's contention seems to be that the trial justice accepted in proof of certain facts the testimony of the petitioner and his medical witness as more credible than that of respondent's representative who took a signed statement from the petitioner as to the cause of his injury and who testified concerning the statement on behalf of the respondent at the trial. This statement was taken from the petitioner while he was in the hospital preparatory to being operated upon for his injury. The trial justice had the opportunity which is denied to us of seeing the petitioner and his medical witness on the witness stand and observing their appearance and demeanor during their testimony, and was consequently in a more advantageous position than this court in passing upon their credibility. The question of credibility was between a version of the accident given by the petitioner not under oath and another version testified to by him at the trial, and not between the testimony of the respondent's representative and that of the petitioner. The trial justice chose to accept the version of the accident as testified to by the petitioner under oath at the trial and to disregard the unsworn signed statement which petitioner gave at the hospital to the respondent's representative, and which the trial justice felt was given under circumstances unfavorable to the petitioner.

The trial justice has also accepted the testimony of the medical witness in preference to anything he is reported to have said or noted in any memorandum before the trial, and when he first attended the petitioner. In all of this, the trial justice acted within his province. We find nothing in the testimony of the petitioner or in his conduct that brings this case within the rule of *Conaty* v. *Galkin,* 52 R. I. 410, 161 A. 107, cited by the respondent in support of his contention that there was no credible evidence upon which the trial justice could justify his decision for the petitioner.

The appeal of the respondent is sustained as to form, and the cause is remanded to the superior court with direction to correct the typographical error referred to above as to payment of compensation to the petitioner, and to amend the decree by adding thereto, as of the date of said decree, such findings of fact. In all other respects, said decree is affirmed.

*Bernard B. Abedon,* for petitioner.
*Fergus J. McOsker,* for respondent.